U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 15 2011

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

CHARLES H. THOMPSON                                                  PLAINTIFF

v.                          Case No. 11-1012

SCOTT PETROLEUM CORPORATION                                          DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Charles Thompson, by and through his attorneys, Davidson Law Firm, and for his Complaint against Defendant Scott Petroleum Corporation, states:

### I. PARTIES

1. The Plaintiff, Charles Thompson, is a resident of Ashley County, Arkansas.

2. The Defendant, Scott Petroleum Corporation, is a foreign corporation with its principal place of business at 102 Main Street, Itta Bena, Mississippi 38941. Its registered agent is the Corporation Company located at 124 West Capitol, Suite 1900 Little Rock, Arkansas 72201. By operating stores and businesses in this state, the Defendant has purposefully availed itself of the privilege of conducting activities within the State of Arkansas, thus invoking the benefits and protections of its laws.

### II. JURISDICTION

3. The Plaintiff restates and realleges every allegation contained in paragraphs 1 through 2 as set out word for word herein.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action is brought pursuant to 28 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act ("FLSA"). The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is full diversity between the parties and this matter exceeds the minimum amount required for diversity jurisdiction. Venue is proper.

### III. FACTS

5. The Plaintiff restates and realleges every allegation contained in paragraphs 1 through 4 as set out word for word herein.

6. The Plaintiff was employed by the Defendant as an Office Manager on or about October 1, 2003 through October 21, 2010. Although Plaintiff's position was that of an "Office Manager," his job duties were such that his position was not exempt under the FLSA.

7. The Plaintiff was a salaried employee and was paid $35,600 when he was wrongfully terminated.

8. From on or about October 1, 2003 through October 21, 2010, Plaintiff worked a total of forty-seven (47) hours per week.

9. The Plaintiff also worked every third Saturday from 7:00 a.m. to 12:00 p.m. on thirteen separate Saturdays in 2010.

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

10. The Plaintiff restates and realleges every allegation contained in paragraphs 1 through 9 as set out word for word herein.

11. Pursuant to the FLSA, the hours worked and compensation earned must be determined on a work week basis. The FLSA takes its standard as a single work week consisting of seven consecutive days.

12. Pursuant to the FLSA, an employee must always be paid time and one-half their regular rate of pay for each hour actually worked over forty (40) hours in the work week.

13. The Defendant required Plaintiff to work "overtime" hours as defined by 28 U.S.C. § 201 *et seq.*, but Defendant failed and/or refused to pay overtime wages as required by the FLSA.

14. It is believed and therefore alleged that Defendant has failed to pay overtime to a multiple of employees who were required to work overtime.

15. The Defendant's conduct was "willful" within the meaning of 29 U.S.C. § 255(a).

16. The Plaintiff seeks money judgment for all "overtime" work performed, but not paid, as defined and required by 28 U.S.C. § 201 *et seq.* in an amount to be determined by the trier of fact and/or the Court, together with all damages and costs allowed by 29 U.S.C. § 216.

17. The Plaintiff also seeks liquidated damages and attorney fees as allowed by law as well as damages permitted by Arkansas law for wrongful discharge.

18. Plaintiff requests a complete and accurate accounting of all compensation to which the Plaintiff is entitled.

19. Plaintiff requests a trial by jury on all issues herein.

## COUNT II

## RETALIATION

20. The Plaintiff restates and realleges every allegation contained in paragraphs 1 through 19 as set out word for word herein.

21. The Plaintiff informed Defendant that their refusal to pay required overtime wages was violative of Arkansas law and the Fair Labor Standards Act.

22. After bringing this violation to the Defendant's attention, the Defendant terminated the Plaintiff's employment.

23. The termination was retaliation and violative of Arkansas law.

## COUNT III

## UNJUST ENRICHMENT

24. The Plaintiff restates and realleges every allegation contained in paragraphs 1 through 23 as set out word for word herein.

25. The Plaintiff has worked "overtime" hours since his date of hire with the Defendant which was on or about October 1, 2003.

26. The Defendant has refused and/or failed to do what is required under the law and pay the Plaintiff time and one-half his regular rate of pay for each hour actually worked over forty (40) hours in the work week.

27. Allowing Defendant to retain those unpaid funds would unjustly enrich the Defendant at the expense of the Plaintiff.

**WHEREFORE**, the Plaintiff, Charles Thompson, requests that he be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to his unpaid compensation, plus interest; that he be awarded costs and attorney fees as allowed by law; and any other relief to which he may be entitled under the law.

Respectfully submitted,

DAVIDSON LAW FIRM, LTD.
724 Garland Street
Little Rock, AR 72201
Phone: 501-374-9977
Facsimile: 501-374-5917
pauld@dlf-ar.com
skipd@dlf-ar.com

By: _____
Paul Davidson, #2006291
Charles Darwin "Skip" Davidson, #73026