IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLES H. THOMPSON                                                PLAINTIFF

VS.                    CASE NO. 1:11-CV-01012-RTD

SCOTT PETROLEUM CORPORATION                                        DEFENDANT

## ANSWER

Defendant, Scott Petroleum Corporation, states as follows for its Answer to the Complaint of the Plaintiff, Charles H. Thompson:

1. It has insufficient information to admit or deny Plaintiff's current residence.

2. It admits it is a foreign corporation with its principal place of business in Mississippi and that its registered agent in Arkansas is The Corporation Company. The remainder of Paragraph 2 of the Complaint contains legal conclusions that do not require an admission or denial of fact.

3. In response to Paragraph 3 of the Complaint, it adopts and incorporates its responses to the previous paragraphs of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions that do not require an admission or denial of fact.

5. In response to Paragraph 5 of the Complaint, it adopts and incorporates its responses to the previous paragraphs of the Complaint.

6. It admits Plaintiff was employed by it during the period stated and that he was an Office Manager for much of his employment. It denies that as Office Manager he was

entitled to overtime under the FLSA.

7. It admits Plaintiff was salaried and that his salary was $35,600.00 at the time of termination. It denies his termination was wrongful.

8. It denies the allegations of Paragraph 8 of the Complaint.

9. It denies the allegations of Paragraph 9 of the Complaint as stated. Plaintiff did work some Saturdays in the spring of 2010, but his work on those Saturdays was from 8:00 a.m. to 12:00 p.m.

10. In response to Paragraph 10 of the Complaint, it adopts and incorporates its responses to the previous paragraphs of the Complaint.

11. The FLSA speaks for itself, and any allegation inconsistent therewith is denied.

12. The FLSA speaks for itself, and any allegation inconsistent therewith is denied.

13. It denies the allegations of Paragraph 13 of the Complaint.

14. It denies the allegations of Paragraph 14 of the Complaint.

15. It denies the allegations of Paragraph 15 of the Complaint.

16. It admits Plaintiff seeks a money judgment but denies he is entitled to one.

17. It admits Plaintiff seeks damages and attorney's fees but denies he is entitled to them.

18. It admits Plaintiff requests a complete and accurate accounting and states affirmatively that it will appropriately respond to any proper discovery request.

19. It acknowledges Plaintiff's request for trial by jury.

20. In response to Paragraph 20 of the Complaint, it adopts and incorporates its responses to the previous paragraphs of the Complaint.

21. It denies it was required to pay overtime to Plaintiff.

22. It denies any violation occurred and further denies that its termination of Plaintiff was related to the issue of overtime.

23. It denies the allegations of Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, it adopts and incorporates its responses to the previous paragraphs of the Complaint.

25. It denies Plaintiff is entitled to any additional payment for hours previously worked.

26. It denies the allegations of Paragraph 26 of the Complaint.

27. It denies the allegations of Paragraph 27 of the Complaint.

28. It denies all allegations of the Complaint not specifically admitted herein.

29. Pleading affirmatively, Plaintiff was exempt from the overtime requirements of the FLSA, and Defendant has paid him all amounts required by his contract of employment and applicable law.

30. Pleading affirmatively, if Defendant's classification of Plaintiff was incorrect, which Defendant denies, the misclassification was not willful but was made in good faith and on reasonable grounds.

31. Pleading affirmatively, Plaintiff's claim for damages is barred or diminished

by the statute of limitations.

32. Pleading affirmatively, Plaintiff's claim for damages is barred or diminished to the extent he has received earnings, income or income substitutes and to the extent he has failed to mitigate the consequences of the actions he complains of.

33. Pleading affirmatively, Plaintiff's Complaint fails to state claims upon which relief can be granted, at least with regard to the retaliation count, and it should be dismissed under Fed. R. Civ. P. 12 (b) (6).

34. Pleading affirmatively, Defendant's termination of Plaintiff was based upon reasons other than unlawful retaliation against Plaintiff. Therefore, any claim for unlawful retaliation is precluded.

35. Pleading affirmatively, Defendant's reasons for termination of Plaintiff were honestly held. Therefore, there was no retaliation within the meaning of 29 U.S.C. § 215 (a) (3).

36. To the extent not already asserted, Defendant reserves all defenses available under Fed. R. Civ. P. 12 (b), including but not limited to lack of jurisdiction over the person, improper venue, insufficiency of process and insufficiency of service of process.

37. Defendant reserves the right to file modified, amended, supplemental or additional pleadings, and to assert additional affirmative defenses, including those listed in Fed. R. Civ. P. 8 (c), upon further investigation of the matters asserted in the Complaint.

WHEREFORE, Defendant Scott Petroleum Corporation prays that the Complaint be denied and dismissed and that Plaintiff Charles H. Thompson take nothing thereby. Defendant further prays for any and all other just and proper relief, whether specifically requested herein or not.

> BRIDGES, YOUNG, MATTHEWS
> & DRAKE PLC
> P. O. Box 7808
> Pine Bluff, AR 71611
> Telephone No. (870) 534-5532
>
> By_____/s/ John P. Talbot_____
> John P. Talbot, ABN 97119
> Terry F. Wynne, ABN 77148
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, John P. Talbot, do hereby certify that a copy of the above and foregoing pleading was served upon Mr. Paul Davidson, Attorney at Law, P.O. Box 1300, Little Rock, AR 72203, and Mr. Charles Darwin Davidson, Attorney at Law, P.O. Box 1300, Little Rock, AR 72203, by electronic filing, on this __8__ day of March, 2011.

_____/s/ John P. Talbot_____
John P. Talbot