```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     EL DORADO DIVISION
```

CHARLES H. THOMPSON,                                     PLAINTIFF

v.                       Case No. 11-1012

SCOTT PETROLEUM CORPORATION                              DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

**I.  Background**

Defendant Scott Petroleum Corp. is a petroleum and propane company operating primarily in the rural, agricultural and commercial fuel industry in Mississippi, Louisiana and Arkansas. (Doc. 12, ¶ 3).  Plaintiff Thompson alleges that Scott, his former employer, violated the overtime requirements of the Fair Labor Standards Act (FLSA).  (Doc. 1).  He also alleges Scott terminated him after he informed it that the refusal to pay an overtime premium violated the law.  He seeks recovery of back-pay, liquidated damages, interest, costs and attorney's fees. Before the Court are Defendant's Motion for Summary Judgment (Doc. 10), Brief in Support (Doc. 11), Statement of Facts (Doc. 12), Plaintiff's Motion for Summary Judgment (Doc. 18), Brief in Support (Doc. 21) and Statement of Facts (Doc. 20).

**II. Standard of Review**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party,

1

"the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Id*. at 324.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transport, Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make

2

credibility determinations."  *Id.*  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

### III. DISCUSSION

Thompson has moved for Summary Judgment contending he is not exempt from the overtime provisions of the FLSA and that he is entitled to liquidated damages, attorney's fees and costs. Scott has moved for Summary Judgment on Thompson's overtime claim, contending he meets the qualifications of the administrative exemption to the FLSA.  In the alternative, Scott asks the court to grant Summary Judgment limiting recovery under the FLSA in accordance with the fluctuating work week standard.

An employee may be exempt from the FLSA's overtime requirements under the administrative exemption. *See* 29 U.S.C. § 213(a)(1). Generally, the administrative exemption applies to any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3

>   (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

The Code of Federal Regulations sets out examples and some guidance for analyzing the second element of this exemption:

>   (a) To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.
>
>   (b) Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.
>
>   (c) An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or

4

>   customers (as tax experts or financial consultants,
>   for example) may be exempt.

29 C.F.R. § 541.201.

"Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law." *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1081 (8th Cir. 2000).

It is undisputed that during the three years prior to his termination, Thompson was paid weekly wages in excess of $455.00, thus meeting the first element of the test of the administrative exemption. (Doc. 12, 16 ¶ 6). However, there is disagreement about the other requirements for exemption.

Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. 29 C.F.R. § 541.700(a). "Under these regulations, therefore, an employee's primary duty is that which is of principal importance to the employer, rather than collateral tasks which may take up more than fifty percent of his or her time." *Spinden v. GS Roofing Products Co., Inc.*, 94 F.3d 421 (8th Cir. 1996).

Scott contends that Thompson's primary role was the performance of office or non-manual work directly related to Scott's general business operations. (Doc. 11). Specifically, Scott refers to Thompson's duties of dispatching fuel delivery drivers, tracking warehouse inventory, handling customer

5

complaints and remaining in contact with his division manager, all of which can be categorized as "generally assist[ing] with the running of Scott's business." (Doc. 11). Scott further argues that Thompson's duties involved the use of discretion and independent judgment in that he was authorized to adjust fuel prices to some customers within a preset range of two cents per gallon and could recommend additional price adjustments to his division managers.

Thompson claims that he spent 20% of his days inputting station and truck tickets; 10% reviewing inventory for the station and division; 65% waiting on customers who came to the station to buy fuel and fuel-related products and 5% opening and closing the store, answering customer questions and performing general customer service related issues. (Doc. 20, ¶ 10). He was the only employee at the store and did not supervise anyone. (Doc. 20, ¶ 9). Thompson argues that his discretion was substantially limited by company policies and that the exercise of such discretion (two cent discount on fuel) had little impact on Scott's business and profit margins. Because a majority of his time was spent selling a product in a service related establishment and his ability to perform duties directly related to the general business operations was restricted by the oversight of his supervisors, Thompson argues that he cannot fit within the administrative exemption.

In response to Thompson's Motion for Summary Judgment, Scott continues to argue Thompson is exempt. Scott produced an affidavit from its General Manager stating that Thompson was not always in the office from 7:30 a.m. to 5:00 p.m. and that he was paid significantly more than employees it employed to handle counter activity, answer telephones, take orders and collect payment for sales at the pump. (Doc. 27, Ex. 1). Scott also produced an application for employment filled out by Thompson after his termination from Scott, wherein Thompson described his previous duties as "customer service, billing and invoicing, liquid inventory and sales." (Doc. 27, Ex. 3). Scott highlights portions of Thompson's deposition, in which he testified that he was called a manager, that he had been asked by a regional manager to "run the... office", and that he "mainly did paperwork and talking on the phone." (Doc. 27, Ex. 4). Scott provided the General Manager's deposition testimony in which the GM stated he had come to the conclusion that Thompson was exempt because he had "discretion" and "responsibility. (Doc. 27, Ex. 5).

In Thompson's Response to Scott's Motion to Dismiss, he contends that he did not perform the majority of the activities set out in 29 C.F.R. § 541.201 and that the ones he did perform were restricted by the oversight of his supervisors and the

7

amount of time he spent on them (purchasing) was insignificant. (Doc. 21.)

Scott is correct that the percentage of time an employee spends on administrative tasks is but one factor in determining if administration was the employee's primary duty. *See Spinden v. GS Roofing Products Co., Inc.*, 94 F.3d 421, 427 (8th Cir. 1996). The Eighth Circuit also said in *Spinden* that "the amount of time devoted to administrative duties, and the significance of those duties, present factual questions." *Id.* at 426 (internal citations omitted.) Furthermore, the employer bears the burden to prove that the exemption applies by "demonstrate[ing] that their employees fit 'plainly and unmistakably within the exemption's terms and spirit." *Id.* at 426 (internal citations omitted).

In cases such as this, the demanding fact-based inquiry is not appropriate for summary judgment. While it is the Court's role to determine Thompson's status, the record does not serve to satisfy Scott's burden of showing that Thompson's administrative roles were more important than his non-administrative duties. Nor is it sufficient to show that Thompson fits "plainly and unmistakably" within the exemption which is to be "narrowly construed in order to further Congress' goal of providing broad federal employment protection." *Spinden* at 426 (internal citations omitted).

There are facts which could lead to the conclusion that Thompson's primary duty was administrative and facts that could lead to the opposite conclusion. The parties do not agree on what Thompson did during his workday or how much discretion and responsibility he had. In addition, there may be issues of credibility which need to be addressed. Genuine issues of material fact relating to whether Plaintiff's primary duties at Scott's Petroleum fell within FLSA's administrative exemption for overtime pay preclude the grant of the parties' Motions for Summary Judgment.

The Court declines to address the ancillary issue of the fluctuating workweek. This issue is best addressed if and when it becomes appropriate at trial.

**IV. CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment (Doc. 10) is **DENIED** and Plaintiff's Motion for Summary Judgment (Doc. 18) is **DENIED** and this matter remains set for a jury trial on Monday, March 26, 2012 beginning at 9:00 a.m. Attorneys will be present at 8:00 a.m. to discuss trial-related matters.

IT IS SO ORDERED this 9th day of March, 2012.

*/s/ Robert T. Dawson*
Robert T. Dawson
United States District Judge

9